IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LTI TRUCKING SERVICES, INC. and
NC ENTERPRISES, LLC                                        Plaintiffs

v.                                    Civil Action No.   3:22-cv-113-TSL-MTP

EQUIPMENT SOLUTIONS, LLC                                   Defendant

### VERIFIED COMPLAINT FOR SPECIFIC PERFORMANCE, INJUNCTIVE AND OTHER RELIEF

#### (BENCH TRIAL DEMANDED)

Plaintiffs LTI Trucking Services, Inc. ("LTI") and NC Enterprises LLC, ("NCE") (collectively, "Plaintiffs"), by and through their undersigned attorneys, allege as follows in this Verified Complaint for Specific Performance, Injunctive and Other Relief against Defendant Equipment Solutions, LLC ("Equipment Solutions" or "Defendant"):

### NATURE OF ACTION

1.      At this time, Plaintiffs seek only equitable relief and do not seek damages.

2.      This action results from Defendant Equipment Solutions' intentional breach of two separate Equipment Lease Agreements (the "Leases") that it entered into with Plaintiffs LTI and NCE, respectively.

3.      The Leases involved certain equipment, namely tractors and trailers (the "Equipment"), used by the Plaintiffs to carry freight.

4.      The First Lease is with NCE dated February 5, 2020 and signed on February 5, 2020.

5.      A true and correct copy of the First Lease is attached as Exhibit 1 hereto.

6.      According to the First Lease, "[e]ach Truck or Trailer will have a term of 24 months from its specific acceptance date."

1

7.    There are 46 pieces of Equipment subject to the First Lease.

8.    The Second Lease is with LTI dated February 11, 2021 and signed on March 3, 2021.

9.    A true and correct copy of the Second Lease is attached as Exhibit 2 hereto.

10.    According to the Second Lease, "[e]ach Truck or Trailer will have a term of 24 months from its specific acceptance date."

11.    There are 58 pieces of Equipment subject to the Second Lease.

12.    Plaintiffs' operations are part of the national supply chain which is already under considerable strain.

13.    The Leases each contain a Purchase Option with respect to the Equipment.

14.    The Leases each state in part as follows:

**Purchase Option.**  Lessee may purchase the Equipment at any time during or at the expiration of this Lease for the Agreed Equipment Value at the time the purchase option is exercised, provided Lessee gives Lessor at least 30 days' prior written notice of its intent to purchase the Equipment.  At end of lease, the Agreed Equipment Value shall be that as described in the Loss Stipulation/Purchase Option Schedule.  …Upon the exercise of this option to purchase, Lessor will execute and deliver to Lessee all documents necessary and proper to effect transfer of ownership of the Equipment to Lessee, free and clear of all encumbrances, security interests, and liens.

15.    Each of the Leases also contains an Agreed Value Schedule in the event that the Purchase Option is exercised.

16.    Plaintiffs exercised the Purchase Option by sending a Notice of Intent letter (the "NOI") on February 14, 2022.

17.     A true and correct copy of the February 14, 2022 NOI is attached as Exhibit 3 hereto.

18.    The Equipment lease "Start Date" for all of the Equipment listed on "Buyout Schedule per Unit" attached to the NOI letter is accurate.

2

19.     February 14, 2022 was fewer than 24 months after the earliest Equipment lease start date for any of the Equipment listed on "Buyout Schedule per Unit" attached to the NOI letter.

20.     On February 21, 2022, Defendant rejected the Plaintiffs' NOI to purchase the Equipment.

21.     A true and correct copy of Defendant's February 21, 2022 letter rejecting the NOI is Exhibit 4 hereto.

22.     Defendant refuses to honor the Agreed Value Schedule in each of the Leases.

23.     Plaintiffs seek herein specific performance under the Leases, and a temporary, preliminary and permanent injunction prohibiting Defendant from confiscating, repossessing, disabling or otherwise taking possession or control of the Equipment.

**PARTIES, JURISDICTION AND VENUE**

24.     Plaintiff LTI is and was, at all times relevant hereto, a corporation organized and existing under the laws of the State of Missouri, in good standing. LTI is also registered and in good standing as an interstate motor carrier with the U.S. Department of Transportation and has the capacity to bring this lawsuit.  LTI's principal place of business is in Missouri.  Accordingly, LTI is a citizen of the State of Missouri.

25.     Plaintiff NCE is and was, at all times relevant hereto, a limited liability company organized and existing under the laws of the State of Missouri, in good standing.

26.     Plaintiff NCE's members are Phillip Hamel, a North Carolina citizen and Nicholas Civello, a Missouri citizen.  Accordingly, NCE is a citizen of the States of North Carolina and Missouri.  NCE is an affiliated company of LTI Trucking Services, Inc., and has the capacity to bring this lawsuit.

63439283.v2

27.    Defendant Equipment Solutions is and was, at all times relevant hereto, a limited liability company organized and existing under the laws of the State of Mississippi.  Equipment Solutions has its principal place of business in the State of Mississippi.

28.    Defendant Equipment Solutions' managers are Terry W. Thornton, a Mississippi citizen, Perry Phillips, a Mississippi citizen, and Janet Price, a Mississippi citizen.  Paul C. Sewell was its organizer, and he is a Texas citizen.  Equipment Solutions' member is Duff Capital Investors LLC ("Duff Capital"), a Mississippi limited liability company (Exhibit 5 hereto).  Duff Capital's principal place of business is in the State of Mississippi. Duff Capital's members are Thomas M. Duff and James E. Duff, both of whom are Mississippi citizens.  Therefore, both Duff Capital and Equipment Solutions are each Mississippi citizens.

29.    Defendant conducts business and has its principal place of business in Rankin County, Mississippi, has the capacity to be sued and may be served with process upon its registered agent for process, Mr. Perry Phillips, 800 US Highway 99, Columbia, Mississippi 39439. Equipment Solutions is a citizen of Mississippi.

30.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 as there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

31.    Specifically, the value of the equitable relief Plaintiffs seek exceeds $75,000.00, exclusive of interest and costs.  *See Webb v. Investacorp., Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) (valuing equitable relief in determining amount in controversy).

32.    This Court has personal jurisdiction over Equipment Solutions because it is a citizen and resident of the State of Mississippi.

63439283.v2

33.     Venue is proper in the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. 1391(b) because Equipment Solutions is located in Rankin County, Mississippi, the Leases were entered into in Rankin County, Mississippi, and the Leases have a forum selection clause making "the state or federal courts serving Rankin County, Mississippi" the exclusive venue of any dispute between the parties related to the Leases.

34.     Rankin County is located in the Northern Division of the Southern District of Mississippi.

### ALLEGATIONS COMMON TO ALL COUNTS

35.     Plaintiffs are in the business of providing interstate motor carrier services for hire and are an essential part of the supply chain transporting goods to markets all across the country.

36.     In support of their operations to perform this essential function, Plaintiffs entered into two separate Leases with Defendant, each of which contained identical terms and conditions with the exception of the commencement dates, whereby Defendant leased the Equipment to Plaintiffs for use in their business.

37.     As is set forth in the Leases, each individual piece of equipment was being leased for a separate term of twenty-four (24) months, with said individual terms commencing upon the specific acceptance date thereof.

38.     The earliest date upon which any single piece of Equipment was delivered to and accepted by Plaintiffs was February 25, 2020 on which date Plaintiffs accepted 5 of the trailers at issue herein with all remaining pieces of Equipment being accepted thereafter.

39.     Thus, the earliest date in which any twenty-four (24) month term began under the First Lease was February 25, 2020.

40.     The Equipment leased by Plaintiffs from Defendant is a vital and necessary component of Plaintiffs' business, shipping freight throughout the United States.

63439283.v2

41.     Pursuant to the Leases, Plaintiffs paid Defendant a predetermined monthly sum in exchange for the use of the Equipment owned by Defendant, said amount being dependent upon the category and type of Equipment.

42.     Plaintiffs have fully performed all of their duties and obligations pursuant to the Leases and are otherwise not in default thereof.

43.     On or about February 14, 2022, before the earliest expiration of the term for any piece of Equipment, Plaintiffs sent written notice to Defendant informing it that Plaintiffs intended to exercise the Purchase Option to purchase the Equipment at the Agreed Equipment Value pursuant to the Leases.

44.     The NOI set forth and described the specific 104 pieces of Equipment LTI intended to exercise its option to purchase for a total agreed upon purchase price of $2,287,494.55.

45.     The NOI complied with the terms and conditions of the Leases in that it was sent prior to the expiration of the term for any of the specific pieces of Equipment set forth therein.

46.     On February 21, 2022, prior to the earliest expiration of any term for any piece of the Equipment, Defendant sent Plaintiffs correspondence stating that it had no intention of complying with its contractual obligations pursuant to the Purchase Options in the Leases and demanding that Plaintiffs either return the Equipment to Defendant, purchase the Equipment at an inflated price well above that set forth in the Leases, or continue to lease the Equipment at a higher rate.

## COUNT I – INTENTIONAL BREACH OF CONTRACT
## AND DEMAND FOR SPECIFIC PERFORMANCE

47.     Plaintiffs hereby incorporate by reference the preceding paragraphs of their Complaint as if fully set forth herein.

48.    The Leases constitute valid and enforceable contracts by and between Plaintiffs and Defendant.

49.    Pursuant to the terms of the Leases, Plaintiffs have and had an absolute right to exercise the Purchase Option to purchase the Equipment at the price determined by the formula set forth therein.

50.    Plaintiffs have fully performed all of their duties and obligations pursuant to the Leases.

51.    Plaintiffs have timely met all conditions precedent to exercising the Purchase Option to purchase the Equipment pursuant to the Leases.

52.    Plaintiffs timely provided notice of their intent to exercise their rights under the Purchase Options.

53.    By denying Plaintiffs the right to purchase the Equipment under the Purchase Option pursuant to the terms set forth in the Leases and by refusing the sell the Equipment to Plaintiffs, Defendant has breached the Leases.

54.    Plaintiffs are entitled to purchase the Equipment for the bargained for price set forth in the Leases and Defendant can feasibly and without harm sell the Equipment to Plaintiffs pursuant to the Purchase Options.

55.    The Leases are specific and direct in their terms as they relate to the Purchase Options.

56.    As a direct and proximate result of Defendant's breach of the Leases, Plaintiffs have been damaged in that Defendant is depriving Plaintiffs of not only the benefit of their bargain, which was specifically negotiated by and between the parties, but also in that the loss of the

Equipment threatens Plaintiffs' business operations as the Equipment is a necessary and vital component required for Plaintiffs to perform its essential functions.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for a Judgment on Count I of this Complaint in their favor and against Defendant ordering, adjudging and decreeing that Defendant has breached the Leases. Plaintiffs further request specific performance of the Leases requiring Defendant to honor the Purchase Options, timely and lawfully exercised by Plaintiffs.

## COUNT II – REQUEST FOR A TEMPORARY,
## PRELIMINARY AND PERMANENT INJUNCTION

57.    Plaintiffs hereby incorporate by reference the preceding paragraphs of their Complaint as if fully set forth herein.

58.    Rule 65 of the Federal Rules of Civil Procedure authorizes parties to seek and this Court to enter temporary restraining orders and preliminary injunctions in civil cases to provide temporary relief to the party seeking the same to avoid irreparable harm until the case can be decided on the merits.

59.    In its February 21, 2022 correspondence, Defendant demands that Plaintiffs either pay Defendant significantly more than the parties bargained for to exercise Purchase Options to purchase the Equipment or, alternatively, to pay to defendant an inflated monthly sum or, alternatively, return the Equipment.

60.    Upon information and belief, Defendant intends to disable, confiscate or repossess the Equipment rather than honor the Purchase Options in the Leases so that it may sell the Equipment to the highest bidder on the open market, all to the detriment of Plaintiffs.

61.    As is set forth above, the Equipment plays a vital and important role in Plaintiffs' operations and Plaintiffs' business will suffer significant and irreparable harm in the event that they were to lose the Equipment.

63439283.v2

62.     Absent a temporary, preliminary and permanent injunction barring Defendant from disabling, confiscating or otherwise taking possession of the Equipment, Plaintiffs will suffer irreparable harm to their business and will be unable to dutifully and fully perform its essential function as a part of the already strained national supply chain.  Further, should the Equipment be disabled, confiscated or otherwise taken from Plaintiffs, Plaintiffs will be unable to fulfill existing contractual and business agreements, causing Plaintiffs additional harm to both their business, goodwill and customer relationships.

63.     On the other hand, in the event this Court were to enter a temporary, preliminary and permanent injunction, Defendant would suffer no harm in that Plaintiffs remain ready, willing and able to tender the agreed upon purchase price to Defendant for the Equipment. Therefore, the threatened injury to Plaintiffs far outweighs any harm to Defendant in the event that a Temporary Restraining Order or Preliminary Injunction were to be granted.

64.     As is set forth above, Plaintiffs are likely to prevail on the merits of this case in that the terms of the Leases are clear and unambiguous, Plaintiffs have met all conditions precedent to exercising the Purchase Options, and remain ready, willing and able to purchase the Equipment for the Agreed Equipment Value amounts.

65.     The granting of the injunctive relief sought herein is consistent with the public's interest, and in fact benefits the public, in that Plaintiffs play an important role in transporting goods to markets all over the country, including in Mississippi, as a part of the national supply chain which is already under significant strain.  The requested injunctive relief will ensure that Plaintiffs remain capable of dutifully performing this essential function in this time of need. Further, the public interest is always best served by enforcing the parties' contractual commitments.

63439283.v2

WHEREFORE, PREMISES CONSIDERED, Plaintiffs LTI Trucking Services, Inc. and

NC Enterprises, LLC respectfully request that this Court grant the following equitable relief:

(1) Enter a Temporary Restraining Order barring Defendant Equipment Solutions, LLC from disabling, confiscating or otherwise taking possession of the Equipment at issue in this case for the duration hereof;

(2) Enter a Preliminary Injunction barring Defendant Equipment Solutions, LLC from disabling, confiscating or otherwise taking possession of the Equipment at issue in this case for the duration hereof;

(3) Enter a Judgment declaring that Defendant has intentionally breached the Leases at issue; and

(4) Enter a permanent injunction and Judgment directing specific performance of the Leases and the Purchase Options to allow Plaintiffs to purchase the Equipment at the scheduled Agreed Equipment Value set forth in the Leases;

Date: March 1st, 2022.

/s/ P. Ryan Beckett
E. Barney Robinson, MS #09432
Phillip S. Sykes, MS #10126
P. Ryan Beckett, MS #99524
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) barney.robinson@butlersnow.com
(E) phillip.sykes@butlersnow.com
(E) ryan.beckett@butlersnow.com

*Counsel for LTI Trucking Services, Inc. and NC Enterprises, LLC*

63439283.v2

COUNTY OF MECKLENBURG

STATE OF NORTH CAROLINA

**DECLARATION UNDER PENALTY OF PERJURY**
**(PURSUANT TO 28 U.S.C. § 1746)**
**OF PHILLIP HAMEL**

Philip Hamel deposes and says:

1.    My name is Phillip Hamel. I am over twenty-one years of age and of sound mind. I am competent to testify about all of the matters set out in this Declaration Under Penalty of Perjury.

2.    I am an officer of LTI Trucking Services, Inc. ("LTI").

3.    I am a member of NC Enterprises LLC ("NCE").

4.    The following statements are based upon my personal knowledge and/or upon my review of certain business records and associated records and the information they contain. Any documents reviewed consist of reports, records or data compilations, made at or near the time by, or from information transmitted by, persons with knowledge, and are kept in the normal course of LTI and NCE's business. It is a regularly conducted business activity of LTI and NCE to keep such business records. Nothing in this Declaration waives or is intended to waive the attorney-client privilege, Rule 26(b)(3) protection or any other applicable privilege or protection against discovery or disclosure.

5.    The factual matters pleaded in the above Verified Complaint for Specific Performance, Injunctive and Other Relief are true and correct to the best of my knowledge.

6.    Exhibits 1-4 to this Verified Complaint for Specific Performance, Injunctive and Other Relief are what they purport to be and are business records of LTI and NCE, respectively.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

11

63439283.v2

Executed on this the 1st day of March, 2022.

By: s/ _____

Phillip Hamel

12